CHARLES DURAND ET AL., RESPONDENTS, *v.* WILLIAM H. HANKERSON (WHO WAS IMPLEADED WITH JAMES ARNOLD AND OTHERS), APPELLANT.

*Creditor's Bill—Fraudulent convegance—Equitable relief.*

Where, in a creditor's bill, filed to compel the application of choses in action, equitable interests, &c., to the payment of a judgment against A., it is charged that A. has made a fraudulent conveyance of a farm to H., and H. being made a party, it is claimed that the deed should be set aside, and it appeared that the conveyance was made in good faith, but that H. gave to A. a mortgage thereon which is unpaid, it is competent for the Court to decree that H. pay such mortgage to the receiver, to be applied on the judgment, although such mortgage was not named in the bill, nor in the prayer for relief.

In such cases, although it appeared that a third person, not a party to the suit, claimed to own the mortgage, and evidence tended to show an assignment by A. to him; still, it being proved and found that such assignment was fraudulent, it was proper to require H. to pay the mortgage to the receiver.

The objection that such third person should have been made a party, and that H. may hereafter be called upon to pay the mortgage to him, is waived by H. if he does not make it by answer or demurrer. And if, by reason of the omission of any notice of such mortgage in the bill, H. was left in ignorance that any claim to such mortgage would be made, and he was therefore surprised, he should have sought relief in the Court below, who would, no doubt, have allowed him to amend his answer.

APPEAL from judgment of the Supreme Court in General Term, in the Seventh District, affirming judgment entered on the report of a Referee.

The Plaintiffs are judgment creditors of James Arnold, by judgment docketed February 21, 1856, and, after the return of execution nulla bona, filed their complaint herein against the said James Arnold, and the Appellant, with others, alleging (so far as is material to this appeal) that, on or about the 20th February, 1855, the said James Arnold conveyed a certain farm, therein described, to the Appellant, Hankerson, for the nominal consideration of $9,000, but that in fact nothing was paid therefor by

Hankerson. That, at the time of such conveyance, Arnold was indebted to divers persons in large sums of money, and was greatly embarrassed ; and the said conveyance was made for the purpose of hindering, delaying, and defrauding creditors; and that the farm is still held by Hankerson, for the purpose of covering and protecting the same as against the demands of the creditors of Arnold, including the claim of the Plaintiffs under these judgments.

The complaint also avers " that the said Arnold has property, equitable interest, debts and securities, and choses in action, which he owns or has some interest in, of the amount and value of more than one hundred dollars, &c., which the Plaintiffs have been wholly unable to reach by their execution aforesaid, and which ought to be applied to the payment of their said judgments."

The prayer of the complaint is, that Arnold be adjudged to pay the judgments, and be decreed to apply for that purpose any money or property, real or personal, in law or equity, belonging to him or held in trust for him, or in which he had any interest; that Hankerson may be enjoined from conveying or encumbering the said real estate ; that the conveyance to Hankerson may be adjudged fraudulent and void, and the title adjudged vested in Arnold, and the judgments declared liens thereon ; and that a receiver of all the property of said Arnold be appointed, and that the receiver apply the avails of such property to the payment of such judgments and costs ; and that the Plaintiffs have such further or other relief as shall be thought proper.

The Appellant, Hankerson, admits the execution and delivery of the deed to him by Arnold; denies that nothing was paid therefor ; denies that it was executed to hinder, delay, or defraud creditors of Arnold, or that the real estate is, or ever was, held by him for the purpose of covering or protecting the same against creditors of James Arnold.

The answer then further denies all and every of the allegations in the complaint, except the said execution and delivery of the deed to him.

The other Defendants did not answer.

The cause being referred and tried, the Referee found as facts : the recovery of the alleged judgments; the issue and return of executions unsatisfied ; the conveyance to Hankerson on the 20th of February, 1855; that on the delivery of the deed, no payment in money was made by Hankerson, but that he gave his note to Arnold for $4,000, and a bond and mortgage on the farm for $5,000, payable with interest, $1,000 a year, after five years from April 1, 1855 ; that, about May 1, 1855, Hankerson gave a new note for $2,200, and paid the balance of the $4,000 note, and has since paid the new note ; that James Arnold, who had engaged in business in Detroit, failed in the fall of 1855, and was reported to have assigned his property to his brother, Hiram Arnold, who then resided and still resides in Michigan, and the said James has since been reported wholly insolvent; that, on the 12th November, 1856 (after his answer in this cause), Hankerson, with the knowledge of Hiram, and knowing James to be insolvent, paid James Arnold $1,350 to apply on the bond and mortgage, which at that time were at the house and in the possession of Hiram; and on the 20th December, 1859, Hankerson (by the funds of his wife) paid the further sum of $1,120 to James Arnold, to apply on the bond and mortgage, and took a receipt therefor, signed "Hiram Arnold, for James Arnold."

He further finds, "That the purchase of said farm was bonâ fide on the part of said Hankerson; but the said mortgage so given has been kept in Michigan since about the time it was given, and has never been recorded, nor have any steps been taken to enforce the same against Hankerson ; but the same has been held by said Arnold, or by Hiram Arnold for him, and under his direction and control, with the fraudulent intent to keep the same from his creditors; that there is now owing from Hankerson thereon, $4,784.48."

The Referee therefore concludes, "That the Plaintiffs are entitled to the balance of the purchase-money unpaid by Hankerson on his bond and mortgage, or so much as will pay the

judgments, and their costs herein; and that Hankerson be decreed to pay the same to a receiver, &c., with other provisions (declaring it a lien, &c., though not recorded); and that on payment by Hankerson the bond and mortgage be declared satisfied, and that James Arnold deliver it up to be cancelled; and that Hankerson be allowed his costs out of any fund in the hands of the receiver, before any money is applied to the judgments."

Other property was also declared liable to the judgments, and described to be sold and applied to the judgments; but no question is here made in regard thereto.

Injunction against payment by Hankerson to any one but the receiver, and against any proceeding by James Arnold against Hankerson, etc., for the collection of the bond and mortgage.

Hiram Arnold is not a party to this action.

From the judgment conforming to this report Hankerson appealed. The judgment was affirmed in General Term, and he therefore appealed to this Court.

*D. Morris* for Appellant.

*E. G. Lapham* and *H. O. Chesebro* for Respondents.

WOODRUFF, J.—The judgment herein is claimed to be erroneous upon two grounds: First, that every fact alleged in the complaint, which constituted any ground for making the Appellant Hankerson a Defendant, is untrue, and so found by the Referee, and all the relief which is asked in the complaint against the Appellant is denied. He should, therefore, have been dismissed with costs. Second, that no decree requiring him to pay the bond and mortgage to the receiver herein was proper: first, because there was nothing in the complaint to apprise him that the action was brought for any such purpose, or to put him to a denial of James Arnold's title thereto; and, second, because Hiram Arnold, the reputed assignee, who has the possession of the bond and mortgage, and whose title thereto is found to have been recognized by James Arnold, is not a party to this action, and is not bound by this judgment.

1. The argument of the Appellant undoubtedly presents a

case in which, good faith on his part being assumed, there is apparently possible hardship; for if Hiram Arnold were to prosecute an action against him upon the bond and mortgage in question, this judgment, and payment according to its requirement, would not per se protect him against a judgment in favor of Hiram, by which he might be compelled to pay it a second time.

But it is clear that this very concession is conclusive against the Appellant, on the claim that the decree was erroneous for want of parties.

By the express terms of the Code, a Defendant who neither by demurrer nor answer takes that objection waives it, and he cannot therefore be afterwards heard to object, *on that ground*, to any decree to which, upon the facts alleged and proved, the Plaintiff is entitled. As to *him*, the cause thereafter proceeds with the like right in the Plaintiff to a decree as if the supposed proper or necessary party were in Court. (Code, § 148.)

The only qualification of the right of the Plaintiff to a decree according to the case made by his complaint, and proved on the trial, where the Defendant has not, by his answer, raised the objection, is found in section 122 of the Code, which provides that where the controversy between the parties before the Court cannot be determined without prejudice to the rights of others, or by saving those rights, the Court must cause such others to be brought in.

Now, the Appellant's case presents this dilemma. If this judgment in anywise operates to the prejudice of Hiram Arnold, it can only do so by being deemed to conclude him; and if that were so it would protect the Appellant, and his objection would be groundless for that reason. But if, as must be conceded, this judgment would not operate at all to prevent the collection of the mortgage by Hiram Arnold, then this was not a case in which it was the duty of the Court to cause him to be made a party.

This latter section of the Code (§ 122) was not intended for the protection of one who was made a party, however much he is

liable to suffer from the abuse of some other party. He must protect *himself* by raising the objection in the manner prescribed by law. The Court, in ordering parties to be brought in, is only bound to look to their protection, and not to the protection of those who, having appeared, have waived the objection. In this the Court exercise an important power to protect absent parties against possible collusion or oversight by those who are before it.

Before the Code, it was held by the Chancellor that where a Defendant neglects to make the objection by plea, answer, or demurrer of the want of parties, who are only necessary for his protection from further litigation, the Court has a discretion, and may refuse to sustain the objection at the hearing, or to require the complaint to add new parties at that stage of the action. (Dias *v.* Bouchand, 10 Paige, 447.) The Code has now definitely enacted that such an objection shall be deemed waived.

The suggestion of the Appellant is plausible, that there was nothing in the Plaintiffs' complaint that was calculated to apprise him, or that did, in fact, inform him, that the Plaintiffs sought to charge him as debtor to James Arnold by bond and mortgage or otherwise. No fact stated in the complaint imported that he was such debtor, and no fact stated, nor relief prayed, indicated that the Plaintiffs had, or claimed to have, any right to, or equitable lien upon, the bond and mortgage; and therefore the necessity, or even the propriety, of making Hiram Arnold a party did not appear, and he had no reason to suppose it either necessary or proper. He could not, therefore, be deemed in any fault for not making the objection that a claimant of this bond and mortgage was not made a Defendant, when the complaint neither directly nor indirectly suggested to him that the title to the bond and mortgage was called in question, or that he was chargeable as debtor of James Arnold by reason thereof. The only allegation addressed to him, or to his relations with James Arnold, the judgment debtor, or to his possible liability in favor of the Plaintiffs, was, that he was the grantee in a fraudulent conveyance of real estate, which was void, and the property will be taken to satisfy the judgments.

So far as this argument involves or suggests that, under the allegations in the complaint, it was erroneous to decree in favor of the Plaintiffs' payment out of a bond and mortgage that was not mentioned therein, or that the allegations in the complaint were not sufficient to warrant the relief which was awarded it, will be presently considered. But so far as it imports that Hiram Arnold ought to have been a party, and that the Defendant is wronged by a decree which he had no reason to anticipate, because the complaint did not apprise him that any question touching the bond and mortgage was involved in the action, the answer is, I think, this: First, as before suggested, the statute is absolute, that the objection that Hiram Arnold is not a party is to be deemed waived; second, the Code gives the Court ample power to relieve a party from the consequences of omissions which happen without fault, or through excusable neglect, and to permit the amendment of his pleading, if his case seems to require it. If, by reason of the generality of the allegations in the complaint, or its indefiniteness, the defendant was reasonably ignorant, as he now claims, and he had made the importance that Hiram Arnold should be made a party for his protection apparent, as he now does, in argument, I cannot doubt that so soon before judgment as the fact appeared, that this bond and mortgage was in fact the subject of claim by the Plaintiffs, the Court below would have permitted the Defendant to amend his answer, or file a supplemental answer and raise the objection. Indeed, it is not clear that the Defendant might not of right have interposed a supplemental answer in the nature of a cross-bill and interpleader, and so have brought in the said Hiram. (Code, §§ 172, 173, 174, and 177.)

2. On the allegations in the complaint, such as warranted the Court in decreeing payment of the judgments out of the bond and mortgage given by Appellant for part of the purchase-money of the farm, and charging the Appellant as debtor to James Arnold thereby, when it is not mentioned in the complaint at all, and there is not only no intimation in the complaint that any such attempt is or will be made, but the con-

trary, since it is alleged that the conveyance itself was without consideration, fraudulent, and void ; in other words, the Defendant having denied or disproved all that is alleged against him, can he be charged as debtor of James Arnold, and be compelled to pay the debt for the benefit of the Plaintiffs?

Besides the allegations in the complaint, charging a fraudulent conveyance of the farm to the Appellant, and charging also another fraudulent conveyance to one Walker, the complaint states, that the judgment-debtor, James Arnold, has property, equitable interests, debts and securities, and choses in action, which he owns, or has some interest in, of the amount and value, &c., &c., which the Plaintiffs have been wholly unable to reach by their execution aforesaid, and which ought to be applied to the payment of their said judgments.

When actions to obtain a discovery under oath by judgment debtors, and payment of the judgment debt, were the common mode of proceeding after execution returned unsatisfied, these allegations would have been the proper ground for interrogatories, and for proof of any outstanding indebtedness to the judgment debtor, and the basis upon which, when discovered or proved, the Court might appoint a receiver, and compel the delivery to him of the security, voucher, or evidence of indebtedness. And if the debt was due from one of the parties to the suit, I see no reason why the Court should not, as was done in this case, decree payment by him to the receiver. The object of such a bill was not merely discovery, but payment. To that the discovery was only auxiliary.

The present complaint is of the same character. It has resulted in proof of the allegation above cited, viz., that James Arnold has a bond and mortgage, and that the Appellant owes to him thereon $4,784.48. Why should not the decree direct the payment thereof to the receiver ?

If it be said that the Appellant has had no fair opportunity to deny his indebtedness, or the title of the debtor, James Arnold, the answer is, the Appellant, by putting in issue the above recited allegations, did not deny it, and every fact bearing upon

that subject which the Plaintiffs proved, or attempted to prove, the Defendant was in a situation to contradict and disprove, if it was not true.

And if the suggestion be again made, that this claim of the Plaintiffs to a matter not mentioned specifically in the complaint was a surprise, that the Defendant was not and could not be prepared to meet such a claim on the trial, the answer is, the Court below have power in their discretion to relieve and protect a party against surprise, if justice and equity require it. But the legal right to proceed to try all that is involved in an issue, however general, and to make such decree as the facts will warrant, is clear.

It is suggested that those allegations in the complaint which in terms affect the Appellant were allegations of fraud in the conveyance to him, being found untrue by the Referee, may be wholly disregarded, and the complaint must therefore be treated, for the purposes of this appeal, as if they were not in it. And if they be struck out, the complaint is demurrable by the Appellant; it shows no cause of action against him. The allegations may amount to a cause of action against James Arnold, the judgment debtor, but (apart from the charges of fraud) they do not show that the Appellant has any interest in James Arnold's assets, or that he himself holds any of James Arnold's property, or owes James Arnold anything. And, therefore, if he had admitted those allegations in terms, or by not answering, they would not have shown any liability on his part.

It is undoubtedly true that if, in the prosecution of a creditor's bill, choses in action are discovered, the usual decree awards those choses in action to a receiver to be collected. When he attempts to collect, the supposed debtor has full opportunity not only to deny his indebtedness, but to allege and prove that some other person, and not the judgment debtor, is the real creditor entitled to the security and to payment.

The question presented by the objection last stated is simply this: where such supposed debtor is in fact (whether made so upon grounds which proved true or false) a party to the cred-

itor's bill, may not the Court give entire relief against him in that suit, instead of leaving the receiver to prosecute another?

In supplementary proceedings a third party may be examined (§ 294), and the Judge may order the debt due by such person to the judgment debtor to be paid on the judgment (§ 297), or may appoint a receiver in his discretion. But if the third person deny the indebtedness, it can only be recovered in an action against him by the receiver (§ 299).

Now if this were the rule, where an action is actually brought by the judgment creditor, it would follow, where the supposed debtor was in express terms so charged in the complaint, and denied it in the answer, that the Court could not try the question, but must leave it to an action by the receiver.

This is not so; and the whole objection, I think, founded in the idea that a Defendant may, for want of a sufficient specification of the claim made against him, be surprised into a condition of admitting the general allegation, that the judgment debtor has choses in action, debts due to him, &c., or of coming to trial without being prepared to disprove it, and so may himself be wrongfully charged as himself debtor, must be disposed of by the observation, that the Courts of original jurisdiction have ample power and discretion to protect a party from injustice, if applied to in due season and in proper form.

I think the judgment must be affirmed.

Judgment affirmed.

<div style="text-align:right">

JOEL TIFFANY,

State Reporter.