### MADERS *v.* WHALLON *et al.*

(*Supreme Court, General Term, Third Department. July 2, 1892.*)

FRAUDULENT CONVEYANCES—PLEADING—FORECLOSURE OF MORTGAGE.

　　An action was brought to set aside a fraudulent conveyance of real estate, and a *lis pendens* was filed. After the case was submitted and decided against plaintiff, a *lis pendens* for the foreclosure of a mortgage on the same property was filed,

without amendment of the complaint. *Held* error in the court to decree a fore-closure of the mortgage, no claim having been made nor issue joined in respect thereto.

Appeal from special term, Essex county.

Action by Sidney E. Maders, receiver, against William I. Whallon and others to set aside a fraudulent conveyance. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Byron Pond*, (*E. T. Brackett*, of counsel,) for appellants. *F. A. Rowe*, for respondent.

HERRICK, J. The issue made by the pleadings was whether a conveyance executed by the defendant William I. Whallon and his wife to the defendant McAuliffe of certain real estate was fraudulent as to the plaintiff as receiver of the defendant William I. Whallon, appointed in supplementary proceedings against the said Whallon. The judgment rendered was for the foreclos-ure of a mortgage given by the defendant McAuliffe to the defendant Whallon at the time of the conveyance of said real estate for the purchase price thereof. The complaint was not amended upon the trial. A *lis pendens* was filed of an action to set aside a conveyance as fraudulent. Subsequently, and after the case had been submitted to the court, another *lis pendens* for the foreclosure of a mortgage upon the same property was filed. It must be obvi-ous that an action for the foreclosure of a mortgage, and one to set aside a conveyance as fraudulent, are very wide apart, are dissimilar in every re-spect, and that upon a trial a complaint for the one cause of action could not be so amended as to set up the other as the cause of action to be tried. While it is true that the execution of the bond and mortgage herein was alleged in the complaint, it was merely as a recital of the facts which the plaintiff claimed, showed the conveyance to be without consideration and void, the bond and mortgage being for the entire purchase price. If, under such cir-cumstances, judgment can be obtained and sustained, then pleadings serve no useful purpose. They inform neither the court nor the parties of the issues to be relied upon. Instead of informing, they mislead, the adverse party. Defendants have a right to be informed of the claim made against them; to be informed of the issue to be tried; and, after trial and submission to the court upon the issue presented, judgment cannot be given upon and for a cause of action not presented and not litigated, and as to which no claim was made nor issue joined. *Walter* v. *Bennett*, 16 N. Y. 250: *Wright* v. *Delafield*, 25 N. Y. 266; *Southwick* v. *Bank*, 84 N. Y. 420; *Truesdell* v. *Sarles*, 104 N. Y. 164, 10 N. E. Rep. 139; *Day* v. *Town of New Lots*, 107 N. Y. 148, 13 N. E. Rep. 915; *Romeyn* v. *Sickles*, 108 N. Y. 650, 15 N. E. Rep. 698; *Terry* v. *Munger*, 121 N. Y. 161–171, 24 N. E. Rep. 272. Here the action was in fact tried as one to set aside a conveyance as fraudulent, and that was decided against the plaintiff, and then, two months or more after the submission of the case to the trial court, the issue was changed or attempted to be changed by filing a *lis pendens* for the foreclosure of a mortgage. The case of *Durand* v. *Hankerson*, 39 N. Y. 287,—an extreme case,—does not seem to me to be controlling. The complaint in that case was in part a bill of discovery, al-leging that the defendant had property, equitable interests, debts, and se-curities, etc., which the plaintiff could not reach by execution, and which ought to be applied in satisfaction of the plaintiff's judgment. Under that clause in the complaint evidence was given on the trial that the defendant had a bond and mortgage, and the judgment directed the payment of the amount due thereon to the receiver. The complaint in the case at bar is not in any sense a bill of discovery. It seeks but one thing, presents a single issue; it has no general allegation of property in the defendant's possession which should be applied to discharge his debts. The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.