SIDNEY E. MADERS, as Receiver of the Property of WILLIAM I. WHALLON, Respondent, *v.* WILLIAM I. WHALLON and WILLIAM J. McAULIFF, Appellants, Impleaded with ELIZA WHALLON, Wife of said WILLIAM I. WHALLON.

*Amendment of complaint — Code of Civil Procedure, § 723 — receiver in supplementary proceedings — action to set aside a conveyance as in fraud of creditors — proof of insolvency of the grantor.*

When the record on appeal shows that an amendment to the complaint was allowed at the trial, the case is to be treated by the General Term as though the proposed amendment had been actually written in the complaint, although it does not appear in the complaint as incorporated in the judgment roll.

*Semble,* that the power of the court, under section 723 of the Code of Civil Procedure, to allow an amendment of a pleading upon the trial, before the evidence is in, by inserting " an allegation material to the case," is only limited by the proviso that substantial justice shall be promoted by the amendment. The further limitation, that it shall "not change substantially the claim or defense," applies only to an amendment after the evidence is taken.

At the commencement of the trial of an action brought to set aside a conveyance as fraudulent as against a judgment creditor, the plaintiff was permitted, over the defendants' objection, to amend an allegation of the complaint, that the

defendant grantor "has no property other than that embraced in the aforesaid conveyance and the bond and mortgage given in pursuance thereof, out of which the aforesaid judgments, or either of them, could be satisfied in whole or in part," by inserting after the words "has no property," the words "and had no other property subject to levy and sale on execution at the time of, or since the date of said conveyance, or since the rendition of the judgment."

*Held,* that the amendment was authorized under section 723 of the Code, since it consisted merely of the insertion of an allegation material to the case, before evidence was offered or taken.

A receiver has two methods by which he may enforce the judgments under which he is appointed against real estate alleged to have been fraudulently conveyed by the judgment debtor:

He may sell the real estate under an execution, perfect his title and test the question of fraud in an action of ejectment; or,

He can bring an equitable action to set aside the conveyance.

It appeared upon the face of the complaint, in an action brought by the receiver in supplementary proceedings to set aside a conveyance made by the judgment debtor, on the ground that it was intended to hinder, delay and defraud creditors, that on making the conveyance, which was of land worth $6,000, against which there was only a prior lien of $1,050, the grantor took back from the grantee, and still owned, a mortgage for $5,000 on the land.

*Held,* that the complaint failed to state a cause of action, in that, instead of showing the insolvency of the judgment debtor by reason of the conveyance, it affirmatively showed his solvency.

(HERRICK, J., dissenting.)

APPEAL by the defendants, William I. Whallon and William J. McAuliff, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of Essex county on the 3d day of March, 1893, upon a decision of the court rendered after a trial by the court without a jury at the Essex Circuit.

This action was brought to set aside a deed given by the defendant Whallon to the defendant McAuliff on the ground of fraud.

The paragraph of the complaint to which the amendment set forth in the opinion applied, was as follows : " That the said defendant William I. Whallon has no property other than that embraced in the aforesaid conveyance, and the bond and mortgage given in pursuance thereof, out of which the aforesaid judgments, or either of them, could be satisfied in whole or in part, and that unless the said property can be reached and applied to the payment of said judgments the same must remain wholly unpaid."

*B. Pond* and *Edgar T. Brackett,* for the appellants.

*Chester B. McLaglin,* for the respondent.

MAYHAM, P. J.:

The plaintiff brings this action as receiver of the property and effects of the defendant William I. Whallon by virtue of an appointment made in a proceeding supplementary to execution on a judgment against the defendant Whallon. The complaint alleged the recovery of two judgments against the defendant William I. Whallon, one in favor of Minnie Whallon in the County Court of Essex county for about eighty-two dollars, which was entered and docketed in that county on the 1st of July, 1889, and the other in a Justice's Court of Henry S. Fletcher, for about thirty-six dollars, a transcript of which was filed and docketed in the Essex county clerk's office on the 15th day of June, 1889; that an execution was duly issued on the last-mentioned judgment, which was returned wholly unsatisfied on the 5th day of August, 1889, and that after the return of such execution, proceedings supplementary to execution were instituted on the judgment, which resulted in the appointment of the plaintiff as receiver, who as such duly qualified and entered upon the discharge of his duties on the 14th day of December, 1889, which receivership was subsequently, by an order of the court, extended to the judgment against the defendant William I. Whallon in favor of Minnie Whallon above referred to. The complaint also alleged that on the 23d day of November, 1888, William I. Whallon was the owner in fee and in possession of two farms or pieces of land situate in Essex county, one of 189 acres, and one of 100 acres, together of the value of $6,000, free of liens or incumbrances, except a mortgage of $1,050, and that on that day he made, executed and delivered to the defendant William J. McAuliff a deed of conveyance of such lands, in which his wife, who is named herein as a defendant, joined. That the consideration expressed in such deed was $5,000, to secure the payment of which to the defendant William I. Whallon, the defendant McAuliff executed and delivered to him his bond for that sum, payable in annual installments of $500 each, with annual interest, and as collateral to such bond also executed and delivered a mortgage on said lands conditioned for the payment of such sum of $5,000 and interest, which bond and mortgage the defendant William I. Whallon still owns and holds, and that no part of the same has been paid or satisfied. The complaint charges that such conveyance of the lands

therein described was made by the defendant William I. Whallon and received and accepted by the defendant William J. McAuliff for the purpose and with the intent of hindering, delaying and defrauding the creditors of the defendant William I. Whallon, and that since the execution and delivery of such deed of conveyance. the defendant William I. Whallon has continued in the possession of the lands conveyed.

The relief asked for in the complaint is that the conveyance to McAuliff may be adjudged fraudulent and void;

That the defendants and each of them may be adjudged to account. for the property received by them under such conveyance ;

That the premises may be sold to satisfy such judgments and costs, and the cost and expenses of the receivership, subject to the inchoate right of dower of the wife of the defendant William I. Whallon.

The defendants answered separately denying the alleged fraud. This action was once tried, and the trial resulted in a decree of foreclosure of the mortgage given by McAuliff to the defendant William I. Whallon, which decree was reversed by this court on the ground that a decree in foreclosure was not authorized or proper under the complaint. (*Maders v. Whallon*, 19 N. Y. Supp. 638.)

On this trial the objection was made at the opening of the case, that the complaint failed to state a cause of action and should, for that reason, be dismissed.

The plaintiff thereupon moved to amend the complaint by inserting therein after the words " has no property," the words " and had no other property subject to levy and sale on execution at the time of or since the date of said conveyance or since the rendition of the judgment."

The defendants duly objected to the allowance of the amendment, and the court overruled the objection and allowed the amendment, to which the defendants excepted. It is now insisted that the complaint was not in fact amended, as the amendment does not appear in the complaint as incorporated in the judgment roll, and that the case on this appeal must be treated as if no amendment had been allowed by the trial judge.

We cannot agree with the learned counsel in this contention, but think we must treat the case as though the proposed amendment had been actually written in the complaint.

But it is further insisted that the court at the trial had no power or authority to allow the amendment at the trial, as the original complaint contained no cause of action, and the amendment, therefore, introduced into it a new cause of action, which, it is insisted, can only be done on a motion before trial.

Section 723 of the Code of Civil Procedure provides that "the court may upon the trial  *  *  *  amend any process, pleading or other proceeding  *  *  *  by inserting an allegation material to the case, or when the amendment does not change substantially the claim or defense by conforming the pleadings or other proceedings to the facts proved." This section seems to provide for an amendment upon the trial in two classes:

*First.* When the amendment is made before the evidence is in, the court may allow an amendment "by inserting an allegation material to the case."

*Second.* After the evidence is taken, "when the amendment does not change substantially the claim or defense by conforming the pleadings or other proceedings to the facts proved."

In the first class the power to amend is only limited to cases where substantial justice is promoted by the amendment; the second has the further limitation that it shall "not change substantially the claim or defense."

The disjunctive *or* between these two classes seems to indicate that they are governed by different rules. In the case at bar the amendment was made before the evidence was offered or taken. The cases cited by the appellants do not conflict with this interpretation of section 723 of the Code.

In *Barnes* v. *Seligman* (55 Hun, 349) evidence was received, under objection, that it was not authorized by the pleadings, and it was held that the pleadings could not be amended after trial to conform to the proof.

In *Rutty* v. *Consolidated Fruit Jar Co.* (52 Hun, 492) it was held that pleadings cannot be conformed to the proof when objection is taken in due form to the sufficiency of the complaint to authorize the proof, and that only when the proof is received without objection is it proper to grant an amendment at the close of the trial, conforming the pleadings to the proofs.

In *Shaw* v. *Bryant* (65 Hun, 57) the referee allowed an amend-

ment on the trial changing the complaint from one in equity to an action at common law, charging the defendant with a personal liability, and the court on appeal held that such an amendment was not authorized under section 723 of the Code of Civil Procedure.

The difference between that case and this, is, that in that case the amendment changed the entire nature of the action, whereas in this the amendment only inserted " an allegation material to the case." In that case it does not appear at what precise stage of the trial the amendment was made, but it does appear that it was after much time had been spent in the trial. I am, therefore, inclined to the opinion that the court did not transcend its powers in granting this amendment at the commencement of the trial, and that such amendment was authorized under section 723 of the Code. But it is insisted by the appellants, that even with the amendment as allowed and inserted in the complaint, it did not state a cause of action authorizing the setting aside of this deed as fraudulent, inasmuch as the complaint upon its face shows that the defendant on the sale of his farm took back to himself a mortgage which represented the value of his farm in another form, which was equally available to the creditors of the defendant William I. Whallon, and to which, in a proper action, resort might be had for the collection of his debts.

By the provisions of section 2468 of the Code the property of the judgment debtor vests in the receiver from the time of filing the order appointing him, except in certain cases enumerated in that section, which have no application to the plaintiff here. He was, therefore, from the time of his appointment the owner of the mortgage and personal property of the defendant William I. Whallon, for the purposes of his trust in satisfying the judgments in the cases in which he was receiver, or to which his receivership was extended, and as each of said judgments exceeded twenty-five dollars, they were subject to the equitable power of the court for their enforcement. (*Mallory* v. *Norton*, 21 Barb. 424; *Marsh* v. *Benson*, 34 N. Y. 358; *Sarsfield* v. *Van Vaughner*, 38 Barb. 444.)

Upon the facts alleged in the complaint, as amended, with the concession therein that the defendant Whallon, after the sale of the farm, was the owner and in possession of the $5,000 mortgage on property worth $6,000, on which there was a prior mortgage and

incumbrance of only $1,050, can it be successfully maintained that this farm was sold by Whallon and purchased by McAuliff for the purpose of hindering, delaying and defrauding the creditors of Whallon ?

To determine this question two methods were open to the plaintiff : *First.* To proceed by execution on the judgments in his hands as receiver, and sell the real estate conveyed by Whallon, and on the perfecting of his title under such sale bring his action of ejectment at law upon the assumption that this sale was fraudulent and that the purchaser took no title as against the creditors of the grantor. (*Smith* v. *Reid,* 134 N. Y. 576, 577.) In that case the court says : " A judgment creditor cannot be deprived of his legal right to enforce collection of his judgment against the lands of his debtor by a fraudulent conveyance thereof prior to the entry of the judgment, nor can he, by such a conveyance, be forced to pursue an equitable remedy for the collection of his debt instead of a legal one, and the whole current of authorities in this State is to the effect that, notwithstanding the fraudulent conveyance, the judgment creditor may sell the land under execution upon his judgment, and the purchaser may impeach the conveyance of the land in a suit at law, to recover possession, or if he can gain possession, defend the title thus acquired against the fraudulent grantee or those claiming under him."

Of course, in such a proceeding the judgment creditor or his representative assumes the risk of being able to establish the fraud, but so long as the title remains in the fraudulent grantee and before he has conveyed to a *bona fide* purchaser, the whole proceeding would be at law, in which tribunal the judgment creditor or his representative would have an adequate remedy.

The court in the case last cited, in further discussing this subject, says : " But while the title remains in the fraudulent grantee the lien of the judgment exists and may be enforced against the land with the same effect as if the conveyance had not been made. As against the creditor, the conveyance, while the fraudulent grantee holds the title, is a nullity."

The other method open to the plaintiff to test the validity of this conveyance, is the equitable action resorted to here, of setting aside the conveyance and thus removing from the legal title of the grantor

and judgment debtor the cloud created by the alleged fraudulent conveyance. In either of these proceedings, however, the burden of establishing fraud rests with the plaintiff. He must show satisfactorily that the conveyance was made and accepted with the purpose and intent of hindering, delaying and defrauding the creditors of the grantor; that the deed was executed in bad faith and left the grantor insolvent and without ample property to pay his existing debts and liabilities. (*Kain* v. *Larkin*, 131 N. Y. 300.)

In this case the complaint fails to allege that the defendant Whallon was, by the execution and delivery of this deed, rendered insolvent or deprived of ample property with which to pay and satisfy all of his indebtedness, but it expressly appears upon the face of the complaint that the defendant Whallon is the owner of a $5,000 mortgage on real estate worth $6,000, against which there is only a prior lien of $1,050, leaving the defendant Whallon clearly the owner of property applicable to the payment of his debts largely in excess of the judgment held by the plaintiff as receiver, and not only not showing insolvency by reason of the conveyance, but upon the face of the complaint showing the defendant clearly solvent.

The learned judge in his findings, while he finds that the conveyance was made with the intent to hinder and delay the plaintiff, does not find that the execution and delivery of this deed rendered the defendant Whallon insolvent or unable to pay his debts, but finds that he is the owner of the $5,000 mortgage; but does find, as a conclusion of law, that the deed from Whallon to McAuliff is fraudulent and void, and directs that the same be set aside as to the judgment creditors represented by the plaintiff as receiver.

We think that, within the authorities referred to, the learned judge erred in his findings both of fact and law.

We see no difficulty in the plaintiff's realizing, in a proper action, the amount of his claims as receiver against the defendant Whallon out of the mortgage held by him against this farm, but, without undertaking to decide that question, we think the judgment in this case erroneous. The judgment must be reversed, and a new trial granted, costs to abide the event.

PUTNAM, J., concurred; HERRICK, J., dissented.

Judgment reversed, new trial granted, costs to abide event.