# 240 MADERS v. WHALLON.

SIDNEY E. MADERS, as Receiver, etc., of WILLIAM I. WHALLON, Respondent, v. WILLIAM I. WHALLON and Another, Appellants, Impleaded, etc.

*Fraudulent conveyance — sufficiency of the complaint in a creditor's suit — allegation that the transfer was made with the intent to hinder, delay and defraud creditors — exchange of property — when a part of the fraudulent scheme.*

Where the complaint in an action, brought by a receiver to set aside a transfer of real estate by a judgment debtor as fraudulent and void as to creditors, alleges that the defendant "has no other property, and had no other property subject to levy and sale on execution at the time of or since the date of said conveyance, or since the rendition of the judgment, other than that embraced in the aforesaid conveyance, and the bond and mortgage given in pursuance thereof, out of which the aforesaid judgments or either could be satisfied in whole or in part, and that unless the said property can be reached and applied to the payment of said judgments, the same must remain wholly unpaid," it is sufficient notwithstanding the fact that it alleges that the grantee gave back a bond and mortgage for the entire purchase price of the real estate, thus showing property in the hands of the debtor which might be applied to the satisfaction of the judgment.

The general allegation that a conveyance or transfer of property was made with the intent to hinder, delay and defraud creditors is broad and sweeping in its operation and effect. It involves many elements, and may, before it can be deemed established, require proof of many facts and circumstances which may be given in evidence under the general charge without inserting them in the pleading.

Exchanges by which one kind of property is converted into another more easily concealed or transported, the incumbrance of visible property, and the retention of that which is convertible, or even the reverse of this, where the aggregate value of the debtor's property is not diminished, but an apparent obstacle to a creditor's proceedings is created, are among the methods by which frauds may be perpetrated by an insolvent debtor.

REARGUMENT of an appeal taken by the defendants, William I. Whallon and William J. McAuliff, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Essex county on the 3d day of March, 1893, upon a decision of the court rendered after a trial by the court without a jury at the Essex Circuit, the opinion delivered on which appeal is reported in 74 Hun, 372.

*E. T. Brackett*, for the appellants.

*C. B. McLaughlin*, for the respondent.

HERRICK, J.:

This case is now before us upon a reargument pursuant to permission of the court heretofore granted.

The facts in the case are substantially stated in the report of the case when it was before passed upon by this court (74 Hun, 372), and there is no occasion to rehearse them now, but such facts as were not adverted to upon such former decision, that may be necessary to refer to in the course of this discussion, will be mentioned.

Since this case was formerly before us the case of *Kain* v. *Larkins* (141 N. Y. 144) has been decided by the Court of Appeals, and a rule announced as to what is necessary in a complaint in an action of this character different from what this court apparently understood the rule to be.

An inspection of the record in the case of *Kain* v. *Larkins* shows the complaint in that case to have been substantially the same as the complaint in this case ; in neither is there any allegation of the insolvency of the defendant, and in the *Kain* case there is no allegation that the defendant had no other property out of which the plaintiff could collect his judgment other than that alleged to have been fraudulently conveyed. In this case the complaint as amended alleges that the defendant ".has no other property, and had no other property subject to levy and sale on execution at the time of or since the date of said conveyance, or since the rendition of the judgment, other than that embraced in the aforesaid conveyance, and the bond and mortgage given in pursuance thereof, out of which the aforesaid judgments or either could be satisfied in whole or in part, and that unless the said property can be reached and applied to the payment of said judgments the same must remain wholly unpaid."

It will be recalled that the complaint in this action shows that, upon the conveyance being executed by the defendant William I. Whallon of the real estate in question, the grantee McAuliff gave back a bond and mortgage for the entire purchase price, and the criticism is made that the complaint showing the execution and delivery to the defendant of this bond and mortgage indicates that the defendant was not, in truth and fact, insolvent, but that he apparently had property in his hands, to wit, the bond and mortgage out of which the plaintiff might collect his judgments.

There is much force, it appears to me, in such criticism, and yet, under all the facts in the case, it does not appear to me that such weight should be given to it as to call for a reversal of the judgment.

Let us test the complaint, however, by the case of *Kain* v. *Larkins*. It shows the recovery of judgments against the defendant Whallon, the return of executions unsatisfied, the appointment of the plaintiff as receiver of the property of the defendant Whallon.

That after the commencement of the actions in which said judgments were obtained the defendant Whallon conveyed all his property to the defendant McAuliff; that such conveyance was without consideration, and was made by Whallon and accepted by McAuliff with intent to delay, hinder and defraud the creditors of Whallon.

As was said in the *Kain* case, if we assume all the facts so alleged to stand admitted upon the record, "they establish a cause of action by a judgment creditor against the defendant in the execution, and his fraudulent grantees or transferees, entitling him to equitable relief."

"A fraudulent intent on the part of the grantor and grantee is averred. The evidence necessary to support these allegations of a fraudulent intent may be, and usually is, made up of many different facts and circumstances, but it is not necessary to insert them in a pleading, and it is generally improper to do so. The pecuniary condition of the defendant at the time, the extent of his property, the part transferred and that retained, as well as the nature and extent of the plaintiff's claim, which subsequently ripened into a judgment, were all facts bearing on the general allegation of fraud. The plaintiff could prove all these facts and circumstances under her complaint. The general allegation that a conveyance or transfer of property was made with the intent to hinder, delay and defraud creditors is broad and sweeping in its operation and effect. It involves many elements, and may, before it can be deemed established, require proof of many other facts and circumstances which may be given in evidence under the general charge, without inserting them in the pleading."

The evidence in this case shows that the defendant McAuliff, to whom the conveyance in question was made, was pecuniarily irresponsible, and a relative of the defendant Whallon; that Whallon

remained upon the farm the same as before the alleged sale; that he took the mortgage for $5,000; that the bond and mortgage which he received from McAuliff as the purchase price of the farm he took to Canada, and sold it to a man, who was a stranger to him, for the sum of $750, which sum of money he says that he has expended in living expenses and in paying his debts; so that at the time of the commencement of this action the defendant Whallon had not only parted with the real estate and personal property owned by him to the defendant McAuliff, but, if he is to be believed, had also transferred the title of the mortgage he had received in payment therefor to a person living beyond the jurisdiction of the courts of this State, so that he had no property which could be reached by execution or otherwise to satisfy the judgments wherein the plaintiff was appointed receiver, unless the conveyance in question should be set aside as fraudulent.

Under the language used by the Court of Appeals in the *Kain* case, can there be any doubt but that all the facts just recited as to the giving of the mortgage and the subsequent disposition of it, could be given in evidence to establish the fraudulent character of the whole transaction, and as being part of the means resorted to to perpetrate the fraud?

It was not necessary to set forth the execution and delivery of the mortgage in the complaint; it could have been given in evidence, without pleading it, as part of the chain of evidence to establish the fact that the conveyance was fraudulent; it was evidence and as such was not necessary to be pleaded.

But, being unnecessarily pleaded, and without alleging the further facts that the defendant had also parted with it, without any, or for an insufficient, consideration, to a person beyond the jurisdiction of our courts, it seems to me that the defect thus created in the complaint, if it was a defect, was cured by the facts proved upon the trial that the defendant had parted with the mortgage for the consideration and under the circumstances I have related, which facts, as before stated, could have been proved if nothing had been said in the complaint about the bond and mortgage.

But, in addition, it may be said that the allegation in the complaint of the execution and delivery of the bond and mortgage, and not coupling with it an allegation that the defendant had subse-

quently parted with it, is making a statement that the defendant had converted or attempted to convert his real estate into personal property; he had exchanged a deed for a bond and mortgage.

It is a recital by the plaintiff of the method of the fraud; he couples' his narration of the exchange of the defendant Whallon's title to the property in question to a bond and mortgage upon the same property, with an allegation that such transaction was made with an intent on the part of both parties to hinder, delay and defraud creditors.

Such exchange may be fraudulent, although the party does not at once part with what he has received for his property.

"Exchanges by which one kind of property is converted into another more easily concealed or transported; the incumbrance of visible and unavailable property, and the retention of that which is convertible, or even the reverse of this, and other cases, where the aggregate value of the debtor's property is not diminished, but an apparent obstacle to a creditor's proceedings is created, are among the methods by which frauds may be perpetrated by an insolvent debtor." (*Billings* v. *Russell et al.*, 101 N. Y. 226–231.)

The plaintiff has complained that the defendant, for the purpose of hindering, delaying and defrauding his creditors, conveyed away his real estate, and took therefor a bond and mortgage; he has proved not only what he alleged, but, in addition, that the defendant has, for an insufficient consideration, which he has also parted with, conveyed away the bond and mortgage to a stranger beyond the jurisdiction of the court, thus completely stripping himself of all property.

The plaintiff has alleged and proved a state of facts entitling him to relief.

The judgment should be affirmed, with costs.

PUTNAM, J., concurred; MAYHAM, P. J., dissenting.

Judgment affirmed, with costs.