BROWN, P. J.
The objection made by the appellant, that the title to the property was incumbered with a consent or release given to the Brooklyn Elevated Railroad Company, is answered by the decision of the general term of this department in Webster v. Trust Co., 80 Hun, 240; 62 St. Rep. 112. It must be assumed that the sale was made subject to the open and visible easement of the railroad. The other objections made by the appellant to the title will be disposed of in considering the question whether a committee of a lunatic may maintain an action for the partition of real estate in his own name, adding his official title, without making the lunatic a party to the action. It may be assumed that, prior to the enactment of the Code of Civil Procedure, such an action could not be maintained; that the only way in which legal partition could be made of property in which a lunatic was seised of an undivided share, except by an agreement between the committee and other tenants in common, was to make the lunatic an actual party to the action. It was so decided in Petrie v. Shoemaker, 14 Wend. 85; Burnet v. Bookstaver, 10 Hun, 481; and in Gorham v. Gorham, 3 Bar. Ch. 25-40,—and we have no reason to disagree with those decisions. The last ease cited was an action for the partition of land, and was brought by the committee of an habitual drunkard, in his own name, without joining the drunkard as plaintiff, or making him a defendant to the action. While that ease was pending the legislature enacted chapter 112, Laws 1845, and empowered committee's of lunatics or habitual drunkards to sue in their own names for any debt, claim, or demand transferred to them, or to the possession or control of which, as such committees, they were entitled. This provision was re-enacted in 1874 (chapter 446, tit. 2, § 5), and was the sole statutory authority for committees to sue in their own name, until the enactment of the Code of Civil Procedure. It was there provided (section 2340) that a committee might maintain in his own name, adding his official title, “ any action or special proceeding which the person with respect to whom he is appointed might have maintained if *168 the appointment had not been made.” In his note to this section, Mr. Throop says that it is the provision of the act of 1874 “amended so as to embrace cases where a remedy is pursued,” The law existing when the Code was passed authorized committees to sue only in cases relating to personal estate. The language of the Code is broad enough to embrace an action relating to real estate, and must, I think, be given that effect, unless some substantial reason exists why its application should be limited to cases relating to personal property.
The appellant has cited but one case to sustain his contention, —Skinner v. Tibbitts, 13 Civ. Proc. R. 370. That was a decision by a single judge, made in an action of ejectment brought in the name of the incompetent person. The defendant contended that it should have been brought in the name of the committee, and urged that section 2340 was mandatory. The court held that it was permissive only, and, in the course of the opinion, stated that it was not applicable to actions in relation to real estate. No reasons are given for that opinion, and the question now raised was not presented for decision on the facts of the case. I can see no reason why section 2340 of the Code should not be held to apply to' actions in relation to land. It is true that a committee of an incompetent person has no title to the latter’s real estate, and that he is its custodian merely, and is the representative of the court, and has no independent power to dispose of it. But it is equally true that the incompetent person is the ward of the court, that his person and estate are under its control, and that the sale of the lands of the incompetent person, and the time and manner of such sales, are subjects within the direction of the legislature. Provision has been made by statute for the sale of real estate of incompetent persons upon the petition of the committee, and the committee may, with the approval of the court, agree to an actual partition or a sale of real estate in which the incompetent person has an undivided share. Such undivided interest may also be sold in partition actions brought against the incompetent person, and I know of no reason why an action may not be maintained for partition of land, in the name of an incompetent person, by his committee, against other tenants in common. Such is the import of the chancellor’s opinion in Gorham v. Gorham, supra. His conclusion that a decree in partition would not transfer the legal title of the incompetent person was based upon the fact that a committee was not authorized to maintain such an action, either by statute, or by the practice of the court of chancery. The statutory authority is now supplied in the section of the Code referred to. In the proceedings instituted by the petition of the committee, and in cases of actual partition by agreement, the incompetent person does not appear on the record, but is represented before the court by his committee. In other cases he appears, and acts through his committee. Actually naming the incompetent person as a party on the record is a matter of form only. In such a case as the present one, nothing is gained by making the lunatic the plaintiff. His rights are fully protected by his committee, and no¡ *169 sale can be made except pursuant to the direction and judgment of the court. That the legislature may authorize actions affecting the real estate of incompetent persons to be maintained by or against his committee admits, I think, of no doubt. And the question before us, therefore, is one solely of the construction of the section of the Code referred to. That the legislature, in adopting this section, intended to enlarge the powers of committees in respect to bringing actions on behalf of lunatics and other incompetent persons, is very clear, and it has prescribed the limitation upon that power. The test is, could the lunatic have maintained ,the action if the committee had not been appointed ? As that test is fulfilled in this case, we are of the opinion that the court had jurisdiction of the subject matter of the action, and that the judgment was properly granted; and the order appealed from, must be affirmed, with costs.
All concur.