THE DES MOINES COTTON MILL COMPANY, Appellant, v.
E. J. COOPER, Defendant, and THE MARQUARDT
SAVINGS BANK, Garnishee.

**Principal and Agent: GARNISHMENT.** Money of the principal, deposited in the agent's name as "agent," cannot be garnished by creditors of the agent who do not own any part of the deposit, though the bank has once allowed the agent to draw on such deposits with his private check.

*Appeal from Polk District Court.*—HON. S. F. BALLIET,
Judge.

FRIDAY, FEBRUARY 1, 1895.

The plaintiff is a judgment creditor of the defendant E. J. Cooper. An execution was issued on the judgment, and the Marquardt Savings Bank was garnished as a supposed debtor of Cooper. Indebtedness was denied by the garnishee, and issue was taken upon the denial. There was a trial to the court without a jury, and from a judgment in favor of the garnishee for costs the plaintiff appeals.—*Affirmed.*

*J. S. Felshaw* and *Ira W. Anderson* for appellant.

*Guernsey & Baily* for appellees.

Rothrock, J.—It appears that at the time the notice of garnishment was served there was on deposit in the Marquardt Savings Bank an amount of money, which is in dispute, much larger than the plaintiff's judgment. To determine whether the court erred in holding that the bank was not liable as garnishee, it is not necessary to refer to any transactions between the bank and Cooper prior to March 1,

1893. On that day Cooper deposited in the bank the sum of nine hundred and ninety dollars and sixty cents. Before that deposit he was indebted to the bank by overdraft in the sum of forty-one dollars and seventy-seven cents. The account as it appeared on the books of the bank was with "E. J. Cooper, agent." Cooper was engaged in business as an insurance and real estate agent, and the issue presented on the trial was whether the money deposited in his name as agent belonged to Cooper or to the principals whom he represented. The evidence shows without conflict that all of the nine hundred and sixty dollars (with the possible exception of two dollars) was money which he collected for others, made up of rent, and a payment for land sold, and other items, all of which he received and held as agent, in trust for others. It is true that for several years before March 1, 1893, Cooper had deposited the funds of his principals in the name of "E. J. Cooper, Agent," and at times he drew checks for small sums for his own personal use, and the bank paid the checks. But in all such instances except one the checks were signed by Cooper as agent. It does not appear that any part of the deposit at any time was money received from the Cotton Mill Company. The record does not show when its judgment was rendered, nor on what account or form of indebtedness it was founded. It is not claimed that money actually received from the plaintiff made up any part of the bank account. Counsel for appellant insist that Cooper could have maintained an action in his own right against the bank, and having that right, the plaintiff is entitled to the fund. But we think the court did not err in finding that the deposit was not the money of Cooper, and the conclusion of law follows that he could not have maintained an action for it. It was held in *Thomas v. Hillhouse,* 17 Iowa, 67, that an attaching creditor cannot acquire

through his attachment a higher or better right to the property or assets attached than the defendant had when the attachment was levied, unless he can show some fraud or collusion, by which his rights have been impaired. And the same doctrine was repeated in *Carriage Co. v. Halsted,* 78 Iowa, 735, 43 N. W. Rep. 623, where it was said that the rule "is equally applicable when the lien is acquired by garnishee process as when the property is directly seized." It is true that Cooper had the right to draw this money out of the bank as agent, and pay it to the persons to whom it belonged. But, if Cooper had commenced an action to recover the money in his own right, and the bank had interposed the defense that the money was trust funds, and had introduced evidence which was presented in this case, Cooper would surely have been defeated in his action. The judgment of the District Court is *affirmed.*