(27 Misc. Rep. 500.)

## DUPIGNAC v. QUICK.

(Supreme Court, Appellate Term. May 24, 1899.)

1. COMMITTEE OF LUNATIC—RIGHT OF ACTION.

A note given to one afterwards declared a lunatic was seen in possession of the payee shortly before the appointment of the committee. After the appointment the committee made diligent search for the note, and was unable to find it. It was admitted that the note had not been paid. *Held,* that the committee could maintain an action as on a lost note, under Code Civ. Proc. § 2340, providing that the committee may maintain any action which the incompetent person might have maintained if the appointment had not been made.

2. LOST NOTE—INDEMNITY.

Under Code Civ. Proc. § 1917, which authorizes a recovery on lost negotiable paper if indemnity is given, the bond is in time if tendered upon the trial, and duly approved by the trial court.

Appeal from city court of New York, general term.

Action by Frank J. Dupignac, as committee of the estate of Frederick Duhrkop, a lunatic, against August Quick. A judgment for plaintiff was affirmed by the general term (56 N. Y. Supp. 385), and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Loftus & Caffrey, for appellant.
Henry B. Culver, for respondent.

FREEDMAN, P. J. The plaintiff brings this action as the committee of the estate of one Frederick Duhrkop, adjudged a lunatic, to recover the amount of a promissory note for $1,000 made by the defendant, and delivered to said Duhrkop, January 22, 1898, payable two months after date to the order of Duhrkop. There is no dispute as to the facts in the case. The answer admits the making of the note in question, and that it has not been paid. It was urged by the appellant upon the argument and in his brief that the plaintiff "failed to show that he ever became the owner of the note, or that he had any title to the note." The plaintiff brings this action in a representative capacity. By section 2340 of the Code of Civil Procedure, it is provided that a committee of the property of an incompetent may maintain any action which the person with respect to whom he is appointed might have maintained, if the appointment had not been made. While the plaintiff does not possess the note itself, and never possessed it, yet he is, by the provisions of that section, empowered to pursue the remedy, and it is the remedy he

is enforcing in this case. In his note to this section, Mr. Throop says "that it is the provision of the act of 1874 amended so as to embrace all cases where the remedy is pursued." The test is, could the lunatic have maintained the action if the committee had not been appointed? Keopke v. Bradley, 3 App. Div. 391–394, 38 N. Y. Supp. 707.

It was shown upon the trial that the plaintiff had been the attorney for the lunatic (Duhrkop) for a number of years prior to and was such attorney at the time he (Duhrkop) was adjudged incompetent to manage his affairs; that Duhrkop was a guest at the hotel of the defendant, and had loaned defendant the sum of $1,000 in January, 1898; that the note was seen in the actual possession of Duhrkop about the 18th day of March, 1898; that plaintiff was appointed a committee of his estate, and duly qualified as such April 25, 1898; and that he had made diligent search for the note, and had been unable to find it. It further appears that upon the trial of this action the plaintiff tendered to the defendant a bond of indemnity, under section 1917 of the Code of Civil Procedure, which bond was thereupon approved by the trial judge.

It is true, as appears by the testimony, that the plaintiff knew at the time he brought this action that the note was lost. It also appears that the defendant was informed by the plaintiff, while he (plaintiff) was acting as attorney for Duhrkop, and at about the time the proceedings in lunacy were commenced, that the note was lost, and that the defendant was written to by the plaintiff regarding the note, after he (plaintiff) was appointed the committee of the estate of Duhrkop; so that defendant could have demanded the production of the note, or a bond of indemnity, and thus have avoided payment of a bill of costs had he so desired. In Read v. Bank, 136 N. Y. 454–462, 32 N. E. 1083, it was said that, by the provisions of section 1917 of the Code of Civil Procedure, a bond is not required as a condition precedent to the right to bring suit, and that, if it appears upon the trial that the instrument is lost, the plaintiff may still recover upon executing the required undertaking, to be approved by the trial judge. It thus appears that all the rights of the defendant have been amply protected, and that the plaintiff has fully complied with the requirements of the statute. Judgment should be affirmed, with costs to respondent.

Judgment affirmed, with costs to respondent. All concur.