(February 20, 1907.)

# RICHARD CUNNINGHAM, Trustee, etc., Appellant, v. BANK OF NAMPA, Ltd., Respondent.

### [88 Pac. 975.]

COLLECTION AGENT—TRUST FUND—COLLECTOR AS TRUSTEE—CESTUIS QUE TRUSTENT—ATTACHMENT OF TRUST FUNDS—DEPOSIT OF TRUST FUNDS IN BANK—CESTUIS QUE TRUSTENT PARTIES PLAINTIFF.

1. Where C. collects money on notes and accounts as an attorney and collecting agent for clients, and deposits the same in a bank in his own name as ''Atty.,'' and the money is thereafter attached and levied upon for the debt of C., *held,* that in an action by C. as trustee for his *cestuis que trustent* against the bank and the officer who levied the writ, the money may be recovered for the use and benefit of the parties beneficially interested and equitably entitled to the fund.

2. Where money is deposited in a bank by C., as ''Atty.,'' if the bank has no other or further information as to the ownership of the fund so deposited than that indicated by the designation ''Atty.,'' the bank will be justified in paying the money over to the officer levying a writ of attachment in an action for the collection of a debt owing by C.

3. ID.—In such case, as between C. and the bank, the latter is liable to pay the money so deposited to C. on his check, and as between him and the bank the same relation will exist as would exist between the bank and any other general depositor.

4. Where an attorney has collected money on notes and accounts for his clients, and has deposited the same in a bank, and thereafter institutes an action as trustee for his several clients to collect the money so deposited from the bank, the beneficiaries or *cestuis que trustent* are proper parties as coplaintiffs, they being the parties beneficially interested in the action and the recovery of the fund.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action by Richard Cunningham, as trustee, to recover certain funds deposited in the bank and belonging to his clients.

Defendants demurred to the complaint and the demurrer was sustained. Judgment was entered in favor of the defendants. Plaintiff appeals from the judgment. *Reversed.*

E. M. Wolfe, for Appellant.

There is one fact which controls this case: Whose money is this? If it is Cunningham's, the creditors can reach it; if not, they cannot. (*First Nat. Bank v. Hummel,* 14 Colo. 259, 20 Am. St. Rep. 252, 8 L. R. A. 788, 23 Pac. 986; *State v. Thum,* 6 Idaho, 323, 55 Pac. 858.)

Property in the hands of a debtor cannot be attached if he does not own it; what he holds as guardian, executor or agent, or in any fiduciary or other capacity, cannot be attached for his debts. (Waples on Attachment, 1214; *Des Moines Cotton Mills Co. v. Cooper,* 93 Iowa, 654, 61 N. W. 1084; *Van Allen v. American Nat. Bank,* 52 N. Y. 1; *National Bank v. Life Ins. Co.,* 104 U. S. 54-77, 26 L. ed. 694.)

Though the money belonged to the clients, the contract with the bank was made by Mr. Cunningham; therefore Cunningham, under sections 4090 and 4092, Revised Statutes, had the right to compel the return of it from the bank who accepted it, and it will not be heard to say that he had no right to recover the money. (*People v. Slocum,* 1 Idaho, 65.)

Hawley, Puckett & Hawley and Frank Estabrook, for Respondent.

It does not lie in the mouth of Mr. Cunningham or any of his privies to deny that the money was not his own, which he had the right to deposit in bank, and the bank had a right to receive from him on deposit. (*Bank v. Gandy,* 11 Neb. 431, 9 N. W. 566; Drake on Attachment, sec. 491.)

The word "attorney" after his name is only *descriptio personae,* and in no way signifies an agency or a trust relation. An executor depositing the funds of an estate in his private capacity is liable to have them attached as his. (*People's Bank v. Barbour,* 14 Ky. Law Rep. 98, 19 S. W. 588.)

Did Cunningham under the provisions of section 4092, Revised Statutes, according to the allegations of the complaint itself, make a contract with the bank for the benefit of the parties for whom he claimed to be trustee? The only allegation that has any reference to the matter at all is as follows: After stating what his object was in making the deposit, "all of which was well known by the said bank and said money was accepted by the said bank on the above condition."

This provision of the statute means a trustee created by express agreement, either written or oral. (*Robbins v. Deverill,* 20 Wis. 142-148.)

The plaintiff deposited the money to his own account, which, as shown by the allegations of the complaint, was a general deposit, without alleging any express agreement between himself and the bank, which would bring it within the provisions of the statute defining a trustee of an express trust. Under the provisions of section 4309, the bank had nothing to do but pay the money over to the sheriff, or hold it until the attachment was discharged or released. The sheriff is the one liable for a wrongful attachment if one was made, and not the defendant bank.

The bank owed Cunningham and he owes his clients, and also owes the party we sued for in the original suit, out of which the attachment issued; we attached the debt as by law we had a right to do. The decisions holding that trust funds can be followed apply to cases only as between the trustee and *cestui que trust,* and not to a case like the one at bar, where the rights of innocent third parties are involved.

AILSHIE, C. J.—This action was instituted by the plaintiff Richard Cunningham as trustee for a number of persons named in the complaint, against the Bank of Nampa, Ltd., a corporation, J. C. Nichols, sheriff of Canyon county, and the United States Fidelity and Guaranty Company, a corporation, bondsman for the sheriff, to recover the sum of $913.24, the amount of damages claimed to have been sustained by the *cestuis que trustent.* The defendants demurred

to the complaint and the demurrer was sustained. Plaintiff thereupon appealed from the judgment. The facts disclosed by the complaint are substantially as follows:

That Richard Cunningham is an attorney at law, and as such has collected the money sought to be recovered from different persons on notes and accounts in favor of his several clients for whom he was acting as agent or trustee in the collection and transmission of the proceeds of the several notes and accounts. He alleges that he had an account with the defendant bank in which he deposited all the moneys collected by him for his clients in the name of "Richard Cunningham, Atty." It is alleged that this was a special account of trust funds against which he checked in payment of the various clients whose moneys he had therein deposited. It is charged that the bank had knowledge and notice of the nature and character of the fund thus deposited, and that the same was not the money or property of Cunningham. During this time, while the money was still in the bank, one Henry W. Leman, who held a judgment against Cunningham in the state of Nebraska, brought an action on such judgment in Ada county, Idaho, and caused a writ of attachment to be issued against the property of Cunningham, and delivered that writ to the sheriff of Canyon county, who served it on the defendant bank and attached the fund and account therein held in the name of "Richard Cunningham, Atty." Plaintiff Cunningham thereafter demanded in the name of his alleged *cestuis que trustent* the delivery of the money theretofore deposited and upon which the writ of attachment had been levied. The bank refused to turn over the fund and a like demand was made of the sheriff, who also refused, and thereupon this action was commenced. The bank demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Nichols and the guaranty company demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and also upon the ground that there was a misjoinder of parties defendant, in that the bank was not a proper party defendant in the action. The demurrers were

sustained and judgment was entered in favor of the defendant.

The only question to be determined by us is: Does the complaint state a cause of action? For the purpose of determining the question before us, all the material allegations of the complaint must be taken as true. It is a fundamental principle both of law and justice that the debtor's property, and his property alone, is liable for the payment of his debts. It is conceded that Cunningham was indebted to the attaching creditor. If the money and account in the defendant bank was the property of Cunningham, it was unquestionably liable for the payment of his debt and subject to attachment therefor. If it was not his money and property, it is equally clear that it was not liable for his debt. If Cunningham after collecting this money had taken it in kind as collected to the bank for the purpose of purchasing drafts to his several clients for remittance to them, and while the money was on the bank counter and prior to the receipt of the draft and delivery of the money to the bank, it had been attached by the sheriff, it would not have been seriously contended, we apprehend, that the money could be held under this attachment for the payment of a debt owed by Cunningham. The deposit of the money by Cunningham with the bank could give him no better title to it than he had before the deposit, and certainly an attaching creditor cannot, through his attachment process, acquire any better title to the property than the debtor has. (*Thomas v. Hillhouse,* 17 Iowa, 67.)

Some confusion has been injected into the case by reason of a discussion as to the liability of the bank to pay the fund to Cunningham upon his check. The word "Atty." after the name of "Cunningham," as the account was entered in the bank, was a mere *descriptio personae,* and did not serve in any manner to disclose the name of his principals or the *cestuis que trustent,* and as between Cunningham and the bank it was unquestionably the duty of the bank to pay the money to Cunningham upon his demand or the presentation of his check at any time prior to the service

of the writ of attachment. It is also equally clear that if the bank had no actual knowledge of the trust relation existing and the character of the fund so deposited, it would have been fully justified in paying the money over to the sheriff upon the service and levy of the writ of attachment. If it should appear that the bank did so, and that it had no other knowledge or information as to the character and ownership of the fund except the designation of "Atty." after the name of the depositor, it will have established a complete defense to the action, and would be entitled to release and discharge from further liability. But the question as to the liability of the bank to Cunningham personally, and of the relation the bank itself sustained toward the fund, cannot be taken as the test of responsibility in the present action. The plaintiff in this action sues, not in his individual capacity, but as trustee for the several clients interested in the fund. He alleges that he has no interest in the money and account other than that of transmitting and delivering the same to his several clients in the amounts designated in his complaint. If previous to the demand and the commencement of this action the bank had in good faith parted with the fund in the due course of legal proceedings and under the belief and understanding that the money was the property of Cunningham, as it would have had a right to believe in view of the nature of the deposit, then and in that case its liability had ended; but if it still holds the fund at the time it is notified of the true and beneficial ownership therein, as soon as that ownership and right of possession is established, it will become the duty of the bank to pay the money in accordance with the true state of facts and condition of the fund. (*Des Moines Cotton Mill Co. v. Cooper*, 93 Iowa, 654, 61 N. W. 1084; *Central Nat. Bank v. Life Ins. Co.*, 104 U. S. 54, 26 L. ed. 693; *Van Alen v. American Nat. Bank*, 52 N. Y. 1.)

It has been argued that the bank was improperly joined as a party defendant. We do not think this ground of demurrer well taken for the reasons above stated. If upon the trial the deposit should appear to be still in the hands

of the bank, the bank will be liable to account to the successful party therefor. If, on the contrary, the fund is shown to have passed in good faith from the hands of the bank, then the bank will no longer be liable.

It has been argued that the plaintiff Cunningham could not maintain this action as trustee for the several parties named without also joining the *cestuis que trustent* in their individual capacities. The case coming here on demurrers, and that question not having been raised by the demurrers or in any other proper manner, we are not called upon to decide that question. It is clear, however, that the several beneficiaries named are proper parties plaintiff (*First Nat. Bank v. Hummel,* 14 Colo. 259, 20 Am. St. Rep. 257, 23 Pac. 986, 8 L. R. A. 788; Rev. Stats., secs. 4090, 4092), and it would seem upon first blush that they are necessary parties.

As we view this case, the demurrer should have been overruled. None of the grounds alleged in the demurrers were well taken. The judgment will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed. Since the question of parties plaintiff will undoubtedly arise again in the lower court, we suggest at this time that the plaintiff be allowed, if he so desires, to amend his complaint by bringing in each *cestui que trust* in his individual capacity as a coplaintiff.

Costs are awarded in favor of the appellant.

Sullivan, J., concurs.