(56 Misc. Rep. 572.)

## CHURCH v. STEVENS.

(Supreme Court, Appellate Term. November 29, 1907.)

1. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT OF ACTION—DEMAND NOTE.

The statute of limitations begins to run on a demand note immediately.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 259.]

2. SAME—REMOVAL OF BAR.

Where an action on a demand note was commenced in 1906, even if the note was made in 1898, it would not be outlawed, if there had been a payment on account within six years, or if the defendant made a written memorandum of indebtedness within that period, or if for any reason the running of the statute had been suspended.

3. SAME—PLEADING—ANTICIPATION OF DEFENSE.

The statute of limitations is an affirmative defense, and a plaintiff is not bound to anticipate a plea of the statute by setting forth facts to defeat it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 663–669.]

4. BILLS AND NOTES—ACTIONS—COMPLAINT—ISSUES.

A complaint on a note need only state facts sufficient to make out a cause of action; and if the answer sets up a defense which, if true, would destroy that cause, plaintiff may meet it by proof in rebuttal or avoidance.

5. LIMITATION OF ACTIONS—BURDEN OF PROOF.

Where a complaint on a note shows on its face that more than six years have elapsed since the cause of action accrued, and the answer sets up the statute of limitations, the burden is on plaintiff to show that the running of the statute has been suspended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 711–716.]

6. SAME—TRIAL—DISMISSAL BEFORE OPPORTUNITY FOR PROOF.

Whether an action on a note is barred is a matter of proof, and the mere allegation in a complaint as to the date of a demand note, indicating that the statute might have run, and the pleading of the statute in the answer, will not warrant dismissal of the complaint before plaintiff has had an opportunity to present his case.

7. PLEADING—ALLEGING DATE OF INSTRUMENT—MOTION TO MAKE DEFINITE.

Where the date of an instrument upon which a cause of action or defense is based is not given, the pleading is indefinite in that respect, and a motion to make it definite will lie.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173, 1174, 1180.]

8. BILLS AND NOTES—ACTIONS—SUFFICIENCY OF COMPLAINT—DISMISSAL.

Where a complaint sets forth a written promise for value to pay money, and a breach of the promise, even though a failure to give the date of the promise amounts to a failure to set forth a cause of action on an unpaid negotiable instrument, it would not furnish ground for denial of any recovery for breach of the contract, and cannot justify a dismissal of the complaint.

9. SAME—VALIDITY OF NOTE—ABSENCE OF DATE.

Under the direct provisions of Negotiable Instruments Law, Laws 1897, p. 723, c. 612, § 25, the absence of a date on a note will not render it invalid; hence it is error to dismiss a complaint on a note for failure to give the date thereof.

10. SAME—DEMAND NOTES—NECESSITY FOR DEMAND.

No demand is necessary to a right of action on a demand note, since the word "demand" is not treated as part of the contract, but is used to

show that the debt is due, and demand is presumed to have been made at the date of the delivery of the note, at which time it became payable, and the right of action is complete.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1023.]

**11. SAME—EFFECT OF PROVISION FOR INTEREST.**

A mere provision for interest in a demand note does not make demand necessary to a right of recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1023.]

**12. SAME—EXHIBITION OF NOTE AT DEMAND.**

Failure to exhibit a demand note to the maker when demanding payment cannot be urged as a defense, since it is deemed to mature and become due at time of making.

**13. LOST INSTRUMENTS—ACTIONS—LOST NEGOTIABLE NOTE—INDEMNITY — TIME FOR OFFER.**

Under Code Civ. Proc. § 1917, providing that, when it appears that a negotiable note on which an action is founded was lost, etc., the contents may be proved by secondary evidence, and the owner may recover as if it were produced, but for that purpose he must give to the adverse party a written undertaking, etc., it is not necessary for plaintiff to offer indemnity before the action is brought, but that offer may properly be made in the first instance at the trial; hence, even though plaintiff admits upon the record that a note sued on is lost, but it does not appear when it was lost, it is error to dismiss the complaint at the opening of the trial for want of an indemnifying bond, before plaintiff has been given an opportunity to furnish it.

Appeal from City Court of New York, Trial Term.

Action by E. Bayard Church against Leslie Stevens. From an order dismissing the complaint, and from the judgment for defendant entered thereon, plaintiff appeals. Order reversed, judgment vacated, and new trial granted.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Dee and Donovan (Michael F. Dee, of counsel), for appellant.

V. Philip Mravlag, for respondent.

PER CURIAM. This is an appeal from an order of the City Court dismissing the complaint "upon the summons, complaint, and answer herein, and upon plaintiff's statement upon the record that the note herein sued upon is lost, and that no bond has been given by plaintiff to indemnify defendant," and also denying plaintiff's motion to set aside said dismissal and to grant a new trial, and from the judgment entered upon said order. This action was commenced in October, 1906, and is based on an alleged promissory note, payable on demand, made by defendant in 1898. The answer is a general denial and the statute of limitations.

It was admitted at the commencement of the trial that the note had been lost and that no bond had been given, as required by section 1917 of the Code, which provides therefor where it appears upon the trial of an action that a negotiable promissory note or bill of exchange, upon which the action or counterclaim is founded, has been lost. The five grounds urged at the trial in support of the motion to dismiss the complaint at the opening of the trial were: (1) The

statute of limitations; (2) the failure to allege specifically the date of the note, except the year 1898; (3) the failure to allege a demand for payment; (4) the failure to exhibit the note to the maker when demanding payment; and (5) the failure to comply with section 1917 of the Code, as the note was lost.

As the note was a demand note, the statute of limitations began to run immediately. Smith v. Ijams, 70 Hun, 160, 24 N. Y. Supp. 202, affirmed on opinion below 141 N. Y. 552, 36 N. E. 343. This note, however, though made in 1898, would not be outlawed, if there had been any payment on account within six years, or if the defendant had made any written memorandum of the indebtedness within said period prior to the commencement of the action, or if for any reason the running of the statute had been suspended. The statute of limitations is an affirmative defense, which must be pleaded, and a plaintiff is not bound to anticipate a plea of the statute by setting forth in his complaint the payments or memorandum that he intends to rely upon to take the case out of its operation. All that is required is that the complaint state facts sufficient to make out a cause of action, and if the answer sets up a defense which, if true, would destroy that cause of action, plaintiff may meet it by proof in rebuttal or avoidance. Ramsey v. Barnes, 16 Daly, 478, 12 N. Y. Supp. 726; Met. Life Ins. Co. v. Meeker, 85 N. Y. 614. Where a complaint shows on its face that more than six years have elapsed since the cause of action accrued, and the answer sets up the statute of limitations, the burden is on the plaintiff to show, if possible, that the running of the statute has been suspended. Mason v. Henry, 152 N. Y. 529, 46 N. E. 837. All this, however, would have been a matter of proof on the trial, and the mere allegation in the complaint as to the making of the note in 1898 and the pleading in the answer of the statute of limitations did not furnish cause for the dismissal of the complaint at the opening of the trial before plaintiff had had an opportunity to present his case.

The second ground urged in support of the motion at the trial has, apparently, been abandoned on the appeal; but we will briefly refer to it, and point out that the defendant could have moved to make the complaint definite, as it has been the uniform rule that where the date of an instrument, or a fact upon which the cause of action or defense is based, is not given, the pleading is indefinite in that respect, and therefore a motion will lie to make it definite. Pigone v. Lauria, 115 App. Div. 286, 288, 100 N. Y. Supp. 976. Apparently the defendant did not see fit to make such a motion. It may also be observed, as contended by the appellant, that the allegations of the complaint set forth a written promise for value to pay money, and the breach of such promise; and even assuming the failure to give the date of such promise in the complaint amounts to a failure to set forth a cause of action on an unpaid negotiable instrument, as contended by respondent, that fact does not furnish ground for the denial of any recovery for such breach of contract and cannot justify a dismissal of the complaint. Moreover, the absence of a date on the note would not render it invalid. Neg. Inst. Law, Laws 1897, p. 723, c. 612, § 25.

The third ground in support of the motion—i. e., the failure to allege a demand for payment—was not well taken. Where a note is payable on demand simply, with no qualifying provisions, the word "demand" is not treated as part of the contract, but is used to show that the debt is due. McMullen v. Rafferty, 89 N. Y. 459; Smith v. Ijams, supra. The demand is presumed to have been made at the time of the delivery of the note, at which time the note became payable and the right of action is complete, and a mere provision that the note bears interest does not change the rule. Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478. The failure, therefore, to allege the making of a demand, did not furnish ground for a dismissal of the complaint.

Furthermore, in answer to the fourth ground urged in support of the motion, it may be said that a demand note is deemed to mature and to become due at the time of delivery by the maker to the payee, from whom payment is demanded—i. e., the maker—as required by the statute. Neg. Inst. Law, Laws 1897, p. 737, c. 612, § 134.

There is no merit in the fifth and last contention of the defendant; i. e., that the complaint was properly dismissed for plaintiff's failure to tender a bond of indemnity under section 1917 of the Code, as it is admitted that the note has been lost. It was not necessary that plaintiff should offer indemnity to defendant, under the statute in question, before the action was brought, as that offer could properly be made in the first instance at the trial. Dupignac v. Quick, 27 Misc. Rep. 500, 58 N. Y. Supp. 341; Read v. Marine Bank, 136 N. Y. 454, 32 N. E. 1083, 32 Am. St. Rep. 758. Here it does not appear when the note was lost, and at the trial the complaint was dismissed at the very opening of the trial, and before any opportunity had been given to plaintiff to furnish such indemnity.

The order dismissing the complaint must be reversed, and the judgment entered must be vacated, and a new trial granted, with costs to appellant to abide the event.