# B. L. SHUMAN v. CITIZENS STATE BANK OF RUGBY, NORTH DAKOTA.

(— L.R.A.(N.S.) —, 147 N. W. 388.)

**Bank — general deposit money — may apply on antecedent debt of depositor — trust money — knowledge of bank — application — consent — trustee.**

1. A bank may apply a general deposit of money to the payment of an ante-

---

Note.—The question of the right of a bank to apply deposit by fiduciary or representative on his debt to itself is treated in a note in 1 L.R.A.(N.S.) 1110. And as

cedent debt of a depositor, where, though the money is in fact trust money, it is deposited without any knowledge of the trust on the part of the bank, and the application to the debt is consented to by the trustee or depositor.

**Demand note — due at once on delivery — demand unnecessary — original makers.**

2. A demand note, even though drawing interest, is, as between the original makers, due and payable at once and upon its delivery, and without the formality of demand.

**General deposit money — demand note held by bank — permission to apply in payment implied.**

3. If a general deposit of money is made while a bank holds a demand note against the depositor, permission to apply the deposit to the payment of such note is implied.

**Notes — indorsers — holders in due course — liability.**

4. Sections 6355, 6372–6376 and 6548, Rev. Codes 1905, relate primarily to the rights and liabilities of indorsers and holders in due course, and not to the rights and liabilities of the makers of a demand note.

**Bank — general deposit — right to offset past-due note — lien — offset — application of payments.**

5. The right of a bank to offset, as against a general deposit, a past-due debt owing to the bank by a depositor, is not founded upon the theory of a lien, but upon the right of offset and application of payments.

**General deposit in bank — not a bailment — credit — debtor.**

6. A general deposit of money in a bank is not a bailment to said bank, but a giving of credit merely. After the making of such deposit the bank is a debtor, and not a bailee.

**Banker's lien — property held as bailee — general deposit.**

7. Sec. 6288, Rev. Codes 1905, which gives to the banker a lien upon all property in its possession belonging to the depositor, relates merely to such property as is held by the banker as a bailee. It does not relate to a general deposit made in such bank.

Opinion filed April 21, 1914.   Rehearing denied May 18, 1914.

Appeal from the district court of Pierce County, *Burr, J.*

Action to recover money deposited in a bank by a trustee.   Judgment for defendant.   Plaintiff appeals.

Affirmed.

to the applicability of deposits to individual indebtedness of depositor where word suggestive of fiduciary character is appended to his name, see notes in 10 L.R.A. (N.S.) 706, and 37 L.R.A.(N.S.) 409.   See also note in 82 Am. St. Rep. 520.

Statement by BRUCE, J.

Plaintiff deposited in the defendant bank, as part of his general deposit, money belonging to a client, his mother, which was given him in order that he might pay certain taxes and other debts owing by the *cestui que trust.* There is no evidence that a deposit in the trustee's name was consented to or authorized by the *cestui que trust,* or, on the other hand, of the fact that the trust was known to the bank. Against this deposit the bank offset a personal indebtedness of the plaintiff and trustee, arising upon a demand note which drew interest and was not made payable at any particular place. Immediately upon being notified of the fact of the application, the trustee repudiated the transaction, and now sues the bank for a refusal to honor checks drawn by such plaintiff and trustee in payment of the debts of the *cestui que trust,* which he was directed to pay, and which checks were issued before any knowledge or notification of the attempted offset was had by him, although they were not presented for payment until after such application and notification. The trial court directed a verdict in favor of the defendant, and from a judgment of dismissal entered thereon this appeal is taken.

*E. C. Bowen* and *B. L. Shuman,* for appellant.

The usual depositor's passbook issued by the bank is prima facie evidence of the matters therein contained; but it is not conclusive, and may be explained. The bank is simply the custodian of moneys placed therein by the depositor. 5 Cyc. 517; Union Bank v. Knapp, 3 Pick. 96, 15 Am. Dec. 182; Watson v. Phœnix Bank, 8 Met. 217, 41 Am. Dec. 500.

Demand for payment of a "demand note" must be made before same becomes due. §§ 6355, 6373, 6387, 6548; 2 Century Dict. & Enc. 1523; Home Sav. Bank v. Hosie, 119 Mich. 116, 77 N. W. 625.

A bank cannot make application of deposit money to the payment of a debt not due. 5 Cyc. 553; Oatman v. Batavian Bank, 77 Wis. 501, 20 Am. St. Rep. 136, 46 N. W. 881.

The deposit money must belong to the customer or depositor. Third Nat. Bank v. Stillwater Gas Co. 36 Minn. 75, 30 N. W. 440; 3 Am. & Eng. Enc. Law, 835, 836; Farmers' & M. Bank v. Farwell, 7 C. C.

A. 391, 19 U. S. App. 256, 58 Fed. 633; Armstrong v. National Bank, 53 Iowa, 752, 5 N. W. 742; 5 Cyc. 551, 552; First Nat. Bank v. Peisert, 2 Pennp. 277.

A banker gets no better title to the money than the depositor had. Farmers' & M. Bank v. Farwell, 7 C. C. A. 391, 19 U. S. App. 256, 58 Fed. 633; Davis v. Lenawee County Sav. Bank, 53 Mich. 163, 18 N. W. 629; Burtnett v. First Nat. Bank, 38 Mich. 630; Nichols v. State, 46 Neb. 715, 65 N. W. 774; Cady v. South Omaha Nat. Bank, 49 Neb. 125, 68 N. W. 358.

The money deposited, and so applied by the bank, belonged to Eliza Shuman, and appellant was merely her agent, and had no title to such money. First Nat. Bank v. Bache, 71 Pa. 213; Frazier v. Erie Bank, 8 Watts & S. 18; 1 Am. & Eng. Enc. Law, 1176, 1177; Farmers' & M. Nat. Bank v. King, 57 Pa. 202, 98 Am. Dec. 213.

Neither Eliza Shuman, the owner of such money, nor appellant, ever consented to such application. Smith v. Des Moines Nat. Bank, 107 Iowa, 620, 78 N. W. 238.

*A. E. Coger* and *T. A. Toner,* for respondent.

A demand note, as against the maker, is due and payable at once upon delivery, and without any previous demand. Palmer v. Palmer, 36 Mich. 489, 24 Am. Rep. 605; 2 Randolph, Com. Paper, § 1039; 7 Cyc. 848; O'Neil v. Magner, 81 Cal. 631, 15 Am. St. Rep. 88, 22 Pac. 876; Darling v. Wooster, 9 Ohio St. 517; Hitchings v. Edmands, 132 Mass. 338.

The relation of a general depositor to a bank is simply that of creditor and debtor. 3 Am. & Eng. Enc. Law, 826.

After a deposit of money, it belongs to the bank, and may be loaned by it. 3 Am. & Eng. Enc. Law, 827, 828.

Where one deposits as agent, as between him and the bank the money belongs to the bank. 3 Am. & Eng. Enc. Law, 833.

Where a general deposit is made by one already indebted to the bank, the bank may appropriate such money to the payment of such indebtedness. 3 Am. & Eng. Enc. Law, 826; 2 Am. & Eng. Enc. Law, 433; 5 Cyc. 550.

Deposits made by an agent or trustee may also be so applied and appropriated by the bank, in the absence of notice or knowledge of the

trusteeship. 5 Cyc. 550; Kimmel v. Bean, 68 Kan. 598, 64 L.R.A. 785, 104 Am. St. Rep. 415, 75 Pac. 1118; Smith v. Des Moines Nat. Bank, 107 Iowa, 620, 78 N. W. 238; First Nat. Bank v. Valley State Bank, 60 Kan. 621, 57 Pac. 510; Goshen Nat. Bank v. State, 141 N. Y. 379, 36 N. E. 316; Holly v. Missionary Soc. 180 U. S. 284, 45 L. ed. 531, 21 Sup. Ct. Rep. 395; School Dist. v. First Nat. Bank, 102 Mass. 174; Hatch v. Fourth Nat. Bank 147 N. Y. 184, 41 N. E. 403; Long v. Emsley, 57 Iowa, 11, 10 N. W. 280; Smith v. Crawford County State Bank, 99 Iowa, 282, 61 N. W. 378, 68 N. W. 690; American Trust & Bkg. Co. v. Boone, 102 Ga. 202, 40 L.R.A. 250, 66 Am. St. Rep. 167, 29 S. E. 182; Re Plankinton Bank, 87 Wis. 378, 58 N. W. 784; Stephens v. Board of Education, 79 N. Y. 183, 35 Am. Rep. 511; Overseers of Poor v. Bank of Virginia, 2 Gratt. 544, 44 Am. Dec. 399.

BRUCE, J. (after stating the facts as above). There are only two matters to be decided upon this appeal. First, as against the maker of a demand note which draws interest and is made payable at no particular place, is a demand necessary to mature such a note, or is it due at once and upon delivery? Second, has a bank the right to apply to the payment of an overdue note held by it a general deposit of the maker, when part of the moneys in such deposit are owned by some other party, but the bank has no notice or knowledge, actual or constructive, of such claim of ownership until after the application?

There can now be no longer any question under the authorities that a bank will be protected in applying a deposit of money to the payment of an antecedent debt of the depositor, where, though the money is in fact trust money, it is deposited without any knowledge of the trust on the part of the bank, and the application to the debt is consented to by the trustee or depositor. Tough v. Citizens' State Bank, 89 Kan. 583, 132 Pac. 174; McStay Supply Co. v. Stoddard, 35 Nev. 284, 132 Pac. 545; Pom. Eq. Jur. § 1048; Miller v. Race, 1 Burr. 452; School Dist. v. First Nat. Bank, 102 Mass. 174; Marsh v. Oneida Cent. Bank, 34 Barb. 298.

It seems also to be generally conceded that if a deposit of money is made in the face of an overdraft or of a past-due obligation, such consent will be implied from the mere fact of the deposit. Kimmel v.

Bean, 68 Kan. 598, 64 L.R.A. 785, 104 Am. St. Rep. 415, 75 Pac. 1118; First Denton Nat. Bank v. Kenney, 116 Md. 24, 81 Atl. 227, Ann. Cas. 1913B, 1337; 5 Cyc. 550, and notes; Pom. Eq. Jur. § 1048.

The question now before this court is whether a demand note occupies the same place as an overdraft or a past-due obligation; that is to say, is the depositor required to look upon it as an ever present and immediate liability, so that a deposit of money will be deemed to be accepted and made with the implied permission to apply the deposit to the payment of the debt.

That a demand note may be thus offset is, we believe, the only logical conclusion which can be reached if we once accept the premise that a demand note, even though drawing interest, is due at the time of its delivery, and as between the original makers needs no presentment or demand. This premise, although it is seemingly illogical, and although we believe opposed to the original intention of the law merchant, is supported by an overwhelming weight of authority, and was so supported at the time of the drafting of the so-called uniform negotiable instruments act, its approval by the commission on uniform state laws, and its adoption by over thirty states of the Union, including North Dakota. Brooks v. Mitchell, 9 Mees. & W. 15, 11 L. J. Exch. N. S. 51, 4 Eng. Rul. Cas. 399; Church v. Stevens, 56 Misc. 572, 107 N. Y. Supp. 310; Kraft v. Thomas, 123 Ind. 513, 18 Am. St. Rep. 345, 24 N. E. 346; Fankboner v. Fankboner, 20 Ind. 62; Burnham v. Allen, 1 Gray, 496; Curran v. Witter, 68 Wis. 16, 60 Am. Rep. 827, 31 N. W. 705; Cousins v. Partridge, 79 Cal. 224, 21 Pac. 745; 7 Cyc. 848, and notes; Palmer v. Palmer, 36 Mich. 489; O'Neil v. Magner, 81 Cal. 631, 15 Am. St. Rep. 88, 22 Pac. 876; Darling v. Wooster, 9 Ohio St. 517; Hitchings v. Edmands, 132 Mass. 338.

That act makes no effort to change this then almost universal rule, and in terms requires the presentment or demand only in cases where the rights and liabilities of indorsers and of holders in due course are concerned. See §§ 6355, 6372–6376 and 6548, Rev. Codes 1905.

We must presume from these facts that the then almost universal rule of construction was intended to be adopted and adhered to, and that it was the intention of the framers of the negotiable instrument law and of the legislatures that adopted it, that a demand note should,

as between the original makers, be deemed to be due and payable from the very time of its delivery. If a change in the rule is now to be made, it should be made by the legislature, and not by the courts.

If the debt was due at the time of the delivery of the note, the situation was practically the same as if the deposit had been made in the face of an overdraft, the rule of the application of payments would apply, and the right to the offset would exist.

We are not unmindful of § 6288, Rev. Codes 1905, which provides that a banker has a general lien, dependent upon possession, upon all property in his hands *belonging* to a customer, and may apply such funds to the balance due to him from such customer in the course of business, nor of the argument of counsel for appellant that this section seems to expressly limit the lien of the banker to property *belonging* to the customer, while his claim in this case is that the money or deposit belonged to the *cestui que trust*. We doubt, however, whether the statute in question has any application to a general deposit. When a general deposit is made, the bank has not thereafter "property belonging to the depositor" in its possession. The title to and the ownership in the money deposited has passed. The bank is not a bailee of such money; it is a debtor of the depositor merely. Commercial Bank v. Hughes, 17 Wend. 94; Marsh v. Oneida Cent. Bank, 34 Barb. 298.

The right to apply a past-due note or debt owing to a bank against the claim of a depositor or debt due the depositor from the bank is not indeed, based upon the theory of a lien at all, but upon the theory of offset and application of payments. 5 Cyc. 550.

Sec. 6288, Rev. Codes 1905, in our opinion was merely intended to give, and merely gives, to the bank a lien on papers and securities and special deposits similar to that of the general attorneys' retaining lien. We do not believe that it has any application to a situation such as that before us.

The judgment of the District Court is affirmed.