(No. 4785.   December 31, 1927.)

S. METZ, H. E. METZ and M. S. METZ, Partners Trading and Doing Business Under the Firm Name and Style of S. METZ & SONS, Appellants, v. FIRST NATIONAL BANK OF FILER, a Corporation, and E. R. WALTZ, Respondents.

[262 Pac. 1051.]

TRUSTS — TRUST FUND IN HANDS OF THIRD PERSON — NOTICE — EVIDENCE—RIGHTS OF CESTUI QUE TRUST.

1.   Evidence *held* to sustain finding that bank, before or at time of receiving insurance money for destruction of horses, and crediting it on note of insured, had no knowledge of agreement between insured and plaintiff, who had sold horses to insured under title-retaining contract, whereby insured was to take out insurance on such horses for benefit of plaintiff.

2.   If a trustee, in violation of his own duty, uses trust money to pay an antecedent debt of his own to a creditor who has no knowledge of breach of trust or notice of facts sufficient to put it on inquiry, then money becomes free from trust, and cannot be followed by beneficiary into hands of creditor.

Argument for Appellants.

3. Where bank, crediting insurance money on note of insured, had no knowledge of agreement between insured and plaintiff whereby insured was to take out insurance for benefit of plaintiff, plaintiff is not entitled to recover such money from bank.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action by S. Metz & Sons to recover sum of money from E. R. Waltz and First National Bank of Filer. Judgment for plaintiffs against defendant Waltz, and dismissing plaintiffs' action against defendant bank. *Affirmed.*

Turner K. Hackman, for Appellants.

"The person claiming to be an innocent purchaser must plead and prove the facts necessary to constitute him an innocent purchaser." (*Bruce v. Overton*, 54 Okl. 350, 154 Pac. 340.)

"It is an affirmative defense and the burden is upon the party pleading such defense to establish it upon the trial." (*Choctaw Lumber Co. v. McKeever*, 119 Okl. 282, 249 Pac. 712; *Weber v. Rothchild*, 15 Or. 385, 3 Am. St. 162, 15 Pac. 650.)

When the trust relation is "established as has been done in this case it was then incumbent upon the respondent to allege and prove all facts and negative all circumstances and inferences against it by affirmatively alleging and prov-

Publisher's Note.

2. Right to follow trust fund, see note in 46 **Am. St.** 608, See, also, 26 **R. C. L.** 1348. Right of beneficial owner to recover property or funds transferred by trustee or fiduciary to pay or secure antecedent indebtedness, see note in 12 **A. L. R.** 1048.

3. Application upon debt due bank of deposits made by debtor in his own name of funds of third person, see notes in 13 **A. L. R.** 324; 31 **A. L. R.** 756; 50 **A. L. R.** 632.

See Trusts, 39 **Cyc.**, p. 569, n. 80, p. 635, n. 27.

ing all facts necessary to cut off the rights of the plaintiff."
(*Dyment v. Nelson,* 166 Cal. 38, 134 Pac. 988.)

The doctrine of *bona fide* purchase for a valuable consideration without notice had its origin exclusively in equity and acts upon the conscience of the litigating parties. Equity ignores the question of validity; declines to examine into the intrinsic merit of the two claims. The doctrine of equity "is not in any sense a rule of property."

"The essential elements which constitute a *bona fide* purchase are therefore three—a valuable consideration, the absence of notice, and the presence of good faith." (2 Pomeroy's Equity Juris., 3d ed., secs. 735–745, 747, 762.)

"A bank cannot apply funds of a depositor, though it has no knowledge express or implied that another, other than the depositor, has an interest in the fund deposited in his own name, and cannot apply such fund to its individual indebtedness." (13 A. L. R., p. 330, note b, p. 334, note 4.)

Stephan & North, for Respondents.

A purchaser of personal property under a conditional sale contract reserving title in the vendor until the purchase price is fully paid, may insure his interest in the property. (26 C. J. 32, par. 14, and cases cited in notes; *Baker v. Northern Assur. Co., Ltd., of London,* 214 Mich. 540, 183 N. W. 61; *Coniglio v. Connecticut Fire Ins. Co.,* 180 Cal. 596, 5 A. L. R. 805, 182 Pac. 275, citing cases; 14 R. C. L. 916, par. 93.)

The burden of proving a constructive trust rests on him who asserts it. (39 Cyc. 27, 169; 191, par. 13; 569, 630, par. 11; 26 R. C. L. 1232, par. 78; 1368, par. 299; *Wyrick v. Weck,* 68 Cal. 8, 8 Pac. 522; *Casey v. Leggett,* 125 Cal. 664, 58 Pac. 264; *Bell v. Pleasant,* 145 Cal. 410, 104 Am. St. 61, 78 Pac. 957, p. 959; *Hawke v. California Realty & Const. Co.,* 28 Cal. App. 377, 152 Pac. 959; *Morgan v. Harrold,* 87 Ga. 382, 13 S. E. 710; *Wolfe v. Killingsworth,* 87 Okl. 106, 207 Pac. 443; *Johnson v. Newman,* 43 Tex. 628;

*Cooper v. Olson,* 170 Iowa, 141, 150 N. W. 1028; *Keith v. Wheeler,* 105 Ark. 318, 151 S. W. 284.)

A constructive trust cannot be established by a mere preponderance of evidence but must be established by evidence which is clear, definite, unequivocal and satisfactory. (*Babcock v. Collison,* 73 Okl. 232, 175 Pac. 762; *Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21; *De Galindo v. De Galindo,* 147 Cal. 77, 81 Pac. 279; *Barnes v. Morris,* 105 Okl. 17, 231 Pac. 466; *Bright v. King,* 20 Ky. Law Rep. 186, 45 S. W. 508; 26 R. C. L. 1231; 23 A. L. R., p. 1500, note, 1531; *Wilson v. McCullough,* 23 Pa. 440, 62 Am. Dec. 347.)

Before appellants can recover from defendant bank appellants must prove that the bank had knowledge or notice of the trust or was cognizant of such facts as would put a man of ordinary prudence upon inquiry. (*Enes v. Pomeroy,* 104 Or. 169, 206 Pac. 860; 39 Cyc. 559; *Kent v. Kent,* 50 Utah, 44, 12 A. L. R. 1050, 165 Pac. 271.

Where one collects insurance money paid on policies of insurance taken out for the benefit of one holding a conditional sale contract covering property insured and pays same to a bank to reduce personal indebtedness with the bank the bank is entitled to the money unless it receives the money with knowledge of its trust character. (Cases above cited.)

Where one voluntarily makes a payment to a bank upon a promissory note not due, credit given by the bank on the promissory note is a sufficient consideration to support the payment. (12 A. L. R. 1054, note c; *Smith v. Wallace Nat. Bank, supra; Burnett v. Gustafson,* 54 Iowa, 86, 37 Am. Rep. 190, 6 N. W. 132; *Kimmel v. Bean,* 68 Kan. 598, 104 Am. St. 415, 75 Pac. 1118, 64 L. R. A. 785.)

BUDGE, J.—Plaintiffs sold two stallions to defendant Waltz under a title-retaining contract by the terms of which Waltz was to pay $2,500 in full, $500 thereof on or before November 1, 1920, and the balance in two yearly instalments.

It was orally agreed that Waltz should insure the horses, for the benefit of plaintiffs. These two horses, together with others owned by Waltz, and upon all of which he had taken out insurance in his own name, were later destroyed by fire, and drafts in payment of the insurance were taken to the defendant First National Bank of Filer. Waltz had an indebtedness at the bank in excess of the total amount of the insurance money, and a greater portion of this was applied by the bank on his indebtedness, with Waltz's consent. Waltz had not paid any part of the sum owing plaintiffs on the conditional sale contract.

This action was commenced by plaintiffs against Waltz and the First National Bank of Filer to recover on Waltz's obligation. The bank was sought to be held on the theory that plaintiffs were entitled to the proceeds of the insurance on the two horses sold to Waltz, which had been turned over to the bank. A jury was impaneled in the trial of the cause, and special interrogatories were submitted to it by the court. Answers of the jury to the interrogatories were in effect that defendant Waltz was required to carry insurance on the horses purchased from plaintiffs, for the benefit of plaintiffs; that the bank had applied the proceeds of the insurance upon a note owing by Waltz to the bank, which, at the time of such credit, was not due; and that the bank had had in its possession for collection the title note executed by Waltz in favor of plaintiffs.

The jury returned a verdict in favor of plaintiffs against defendant Waltz, and also found for Waltz on a counterclaim against plaintiffs by reason of a breach of warranty in regard to one of the horses purchased, leaving an amount due plaintiffs from defendant Waltz of $2,638.54. Judgment was entered on the verdict, allowing plaintiffs attorney's fees and costs in addition. The court adopted the answers of the jury to the special interrogatories, and with respect to one interrogatory, which the jury was called upon to answer, but failed so to do, as to whether, before or at

the time of accepting the drafts covering the loss of the two horses purchased by defendant Waltz from plaintiffs, the defendant bank had notice of an agreement between plaintiffs and Waltz whereby Waltz was required to carry insurance on the horses so purchased, for the protection of plaintiffs' interest, the court found that the bank had no knowledge or notice of such agreement and of the trust character of said funds. The judgment directed the dismissal of plaintiffs' action as to the bank. Plaintiffs appeal from this part of the judgment.

[1-3] But one question is necessary for determination, namely, whether the respondent bank, before or at the time it received the insurance money and credited a part of the same upon Waltz's note, had knowledge or notice of the trust character of the funds. The record does not disclose that Waltz notified the bank of any agreement whereby he was to take out insurance for the benefit of appellants, and the president, vice-president and cashier of the bank all testified that the bank had no knowledge or notice of the trust character of the funds. Neither is it shown that appellants notified the bank prior to the payment made by Waltz of any agreement or understanding between appellants and Waltz that insurance was to be taken out on the stallions for the benefit of appellants. There is some evidence in the record to the effect that a conversation was had between one of the appellants and the cashier of the bank touching the nature of the transaction between Waltz and appellants, but upon the whole record there is sufficient competent evidence to sustain the finding of the trial court that the bank had no knowledge or notice of the trust character of any part of the insurance money. It would seem to be the quite generally accepted rule that, if a trustee, in violation of his own duty, uses trust money to pay an antecedent debt of his own to a creditor who has no knowledge of the breach of trust, or notice of facts sufficient to put it upon inquiry, as to the true character of the

funds, then the money becomes free from the trust and cannot be followed by the beneficiary into the hands of the creditor. (*Cunningham v. Bank of Nampa, Ltd.*, 13 Ida. 167, 121 Am. St. 257, 88 Pac. 975, 10 L. R. A., N. S., 706; *Smith v. Wallace Nat. Bank*, 27 Ida. 441, 150 Pac. 21; *Shuman v. Citizens State Bank*, 27 N. D. 599, 147 N. W. 388, L. R. A. 1915A, 728; *Tough v. Citizens' State Bank*, 89 Kan. 583, 132 Pac. 174; *Kimmel v. Bean*, 68 Kan. 598, 104 Am. St. 415, 75 Pac. 1118, 64 L. R. A. 785; *Bailey v. Colton*, 25 S. C. 436; *Bright v. King*, 20 Ky. Law Rep. 186, 45 S. W. 508; *Smith v. Des Moines Nat. Bank*, 107 Iowa, 620, 78 N. W. 238; *McEwen v. Davis*, 39 Ind. 109; *First State Bank v. Hill*, (Tex. Civ. App.), 141 S. W. 300; and other cases cited under notes IIIa, 13 A. L. R. 327, and 50 A. L. R. 634.) This rule is applicable to the facts in the instant case and the finding of the trial court, and it follows therefore that the judgment must be affirmed. Other errors assigned by appellants and ably presented by counsel become unimportant in view of this conclusion.

Judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.